UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROSELAND GILBERT AND MANUAL GILBERT, *Plaintiffs,* | § § § § | |
| v. | § § | CIVIL NO. _____ |
| ALBERTSON'S LLC, *Defendant.* | § § § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Roseland Gilbert and Manual Gilbert ("Plaintiffs") files this Original Complaint against Albertson's LLC ("Defendant") and respectfully shows the Court and Jury as follows:

### I. PARTIES

1. Plaintiffs are individuals and citizens of the State of Texas.

2. Based upon information and belief, Defendant is a Delaware Foreign Limited Liability Company, with its principal place of business at 250 Parkcenter Blvd, Boise, Idaho 83726. Under FED. R. CIV. P. 4(h)(1)(B), Defendant may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because the Plaintiffs and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.


4. Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to the Plaintiffs' claims alleged herein occurred in this jurisdictional district. 28 U.S.C. § 1391.

### III. FACTS & BACKGROUND

5. On June 22, 2018, Plaintiffs were shopping at Albertson's LLC, 3603 McCann Road, Longview, Texas 75605 (hereinafter referred to as the "Incident Store").

6. At the time of the incident, the freezer coolers were broken, which resulted in water seeping from the bottom of the freezer coolers onto the Incident Store's floor.

7. According to Plaintiffs, the color of the Incident Store's floor is glossy white, which interfered with Plaintiffs being able to see the water on the floor.

8. There were also no warning signs expressing that the water was on the floor.

9. Plaintiff Roseland Gilbert slipped and fell onto the slippery wet floor.

10. Her injuries consist of:

    a. Right lateral epicondylitis and partial tear of the exterior tendon complex of the right elbow, which led to physical therapy, injections, and surgery;

    b. Medial meniscus tear of the right knee.

11. Plaintiff Roseland Gilbert was also diagnosed with depression and anxiety, due to not being able to fully execute the activities she performed prior to the incident.

12. Plaintiff Manual Gilbert was with Plaintiff Roseland Gilbert when the incident occurred, and witnessed his wife slip and fall onto the floor. He has had to assist his wife while she executes certain activites.

13. After Plaintiff Roseland Gilbert fell, the Incident Store's manager on duty told Plaintiffs that fixing the broken freezer coolers were "next on his list to fix".

## IV. CAUSES OF ACTION

**PREMISES LIABILITY:**

14. The preceding paragraphs are incorporated herein by reference.

15. Plaintiff Roseland Gilbert contends that she was a business invitee at the time of the injuries described above because she was a customer of the Incident Store on the dates described above. Because the Incident Store's business was open to the public, the Defendant owed Plaintiff Roseland Gilbert a duty of reasonable care to warn her, and/or make reasonably safe to any unknown dangerous condition, and/or reduce or eliminate any unreasonable risk of harm to Plaintiff Roseland Gilbert while she was present in the Incident Store.

16. Plaintiff Roseland Gilbert would show that the Incident Store was owned and operated by the Defendant, and that Defendant breached the duty of ordinary care owed to the Plaintiff Roseland Gilbert as a business invitee of the Incident Store. More specifically, Plaintiff Roseland Gilbert contends that the incident occurred because the Defendant committed various acts or omissions that were a proximate cause of the injuries and damages sustained by Plaintiff Roseland Gilbert, which include, but are not limited to the following:

   a. Creating a dangerous condition for Plaintiff Roseland Gilbert;

   b. Failing to make the dangerous condition safe after Defendant knew or should have known that the conditions were unsafe;

   c. Failing to promptly fix the broken freezer coolers;

   d. Failing to maintain a safe environment on the property of the Incident Store;

   e. Failing to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff Roseland Gilbert and other patrons of the Incident Store;

   f. Failing to maintain the property from unnecessary hazards;

   g. Failing to properly supervise operation of the Incident Store;

    h. Failing to maintain a proper number of employees to patrol the Incident Store;

    i. Failing to properly train its employees;

    j. Failing to warn or give notice to Plaintiff Roseland Gilbert of any unreasonable risk of harm to her and negligently failing to make reasonably safe to any unknown dangerous condition in letting the Plaintiff enter the premises of the Incident Store with the freezer coolers being broken.

## V. LOSS OF CONSORTIUM

17. Plaintiff Manual Gilbert was married to Plaintiff Roseland Gilbert at the time of the incident until the present.

18. As a direct and proximate result of the negligence of the Defendant, there has been a substantial impairment of the marital relationship between the Plaintiffs. Accordingly, Plaintiff Manual Gilbert has sustained a serious loss of the affection; solace, comfort, companionship, society, assistance and sexual relationship that he preciously received from his spouse, all to his damage in a sum that is within the jurisdictional limits of this court.

## VI. DAMAGES

19. The preceding paragraphs are incorporated herein by reference.

20. Due to the Defendant's negligence, Plaintiff Roseland Gilbert is entitled to the following damages:

    a. Pecuniary loss sustained in the past and future;

    b. Loss wages in the past and loss of wage-earning capacity in the future;

    c. Physical pain suffered in the past and future;

    d. Mental anguish sustained in the past and future;

    e. Medical expenses incurred in the past and future;

    f. Exemplary damages as allowed by law;

    g. Costs of Court.

21. Plaintiff Manual Gilbert is entitled to the following damages proximately caused by Defendant:

    a. Loss of Roseland Gilbert's services in the past and future;

    b. Loss of consortium in the past and future.

## VI.  TRIAL BY JURY

22. Plaintiffs demand a jury trial and has tendered the appropriate fee.

## VII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer and, on final trial, that the Court award Plaintiffs a judgment against Defendant as follows:

a. Pecuniary loss sustained in the past and future;

b. Loss wages in the past and future;

c. Physical Pain suffered in the past and future;

d. Mental anguish sustained in the past and future;

e. Medical expenses incurred in the past and future;

f. Exemplary damages allowed by law;

g. Mental distress in the past and future;

h. Loss of services in the past and future;

i. Loss of consortium in the past and future;

j. Costs of Court

Date: March 13, 2020                    Respectfully Submitted,

                                                    ROACH LANGSTON BRUNO LLP

                                                    By: */s/ Nelson J. Roach*
                                                    Nelson J. Roach
                                                    Texas Bar No. 16968300
                                                    nroach@rlbfirm.com
                                                    205 Linda Drive
                                                    Daingerfield, Texas 75638
                                                    (903) 645-7333 (Telephone)
                                                    (903) 645-5686 (Fax)

                                                    **ATTORNEY FOR PLAINTIFF**